IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALMA D. ALLOWAY,            }
                            }
    Plaintiff,              }
                            }
v.                          }   CIVIL ACTION NO.
                            }
                            }   CV-01-AR-1092-S
THE BOARD OF TRUSTEES OF THE}
UNIVERSITY OF ALABAMA and   }
PEGGY JOLLY,                }
                            }
    Defendants.             }

**ENTERED JUL 18 2001**

## MEMORANDUM OPINION

On June 13, 2001, defendants, The Board of Trustees of the University of Alabama (improperly designated in the complaint as "University of Alabama at Birmingham"), and Peggy Jolly, filed a motion to dismiss the above-entitled action and, in the alternative, for summary judgment. On June 28, 2001, plaintiff, Alma D. Alloway, by and through "CH" (apparently the signature of an attorney named Chuck Hunter) filed what plaintiff styled "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss/for Summary Judgment". On July 10, 2001, defendants filed a reply to plaintiff's said response. On July 13, 2001, plaintiff, without any participation by CH, filed two papers, one entitled "Amended Complaint", using the form furnished by the court for *pro se* litigants, and one entitled "Motion for Summary Judgment".

For the separate and several reasons pointed out by defendants, including several undisputed dispositive facts, defendants' motion for summary judgment is due to be granted.



Plaintiff's own papers (which include a paper received on May 15, 2001, and now ordered filed) prove beyond a peradventure of a doubt that plaintiff is not qualified to be an adjunct professor of English at any institution of higher learning, including the University of Alabama at Birmingham. The very thought of plaintiff teaching English makes this court's skin crawl.

The only thing that CH has done right in this case is to refuse to co-sign the papers filed around him by Dr. Alloway on July 13, 2001, papers that, if a lawyer had filed them, would have subjected him or her to Rule 11 sanctions.

A final judgment in favor of defendants will be entered separately.

DONE this  18th  day of July, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE